# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **PATS OF HENDERSON SEAFOOD & STEAKS INC** | **CASE NO. 2:21-CV-00470** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WESCO INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Wesco Insurance Company's Motion for Partial Summary Judgment Regarding Increased Costs of Construction" (Doc. 53). In is motion, Wesco moves to dismiss any and all of Plaintiffs' claims for damages for increased cost of construction due to compliance with building and/or other codes. Wesco maintains that Plaintiffs have failed to present evidence to meet their burden to show that they sustained such damages; in the alternative, Wesco requests that the Court enter an order finding that Plaintiffs' damages in that regard are limited to $60,000 under the terms of the policy.

## FACTUAL STATEMENT

After being hit by three named storms, Hurricanes Laura and Delta, and Tropical Storm Beta, Plaintiff Pats of Henderson Seafood & Steaks, Inc. ("POH") submitted claims for property loss to its insurer, Wesco. POH alleges in its Complaint that Wesco has failed to fairly and promptly adjust Plaintiff's claims.

Plaintiffs assert that construction costs were increased due to the necessity of updating wiring at the restaurant to conform with construction codes, as well as for compliance with plumbing codes.[1]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[1] Plaintiffs' exhibit A, Ducote Air Heat & Electric Inspection Report; Plaintiffs' exhibit C, Deposition of Rodney Ducote; Plaintiffs' exhibit C, Letter from City of Lake Charles Plumbing Inspector.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Wesco maintains that Plaintiffs have failed to provide evidence sufficient to meet their burden of showing which costs are for "code upgrades" and whether those costs are necessary. In the alternative, Wesco requests that the Court issue an order that limits Plaintiffs' claims for increased cost of construction or "code upgrades" to $60,000 as provided in the policy.

Wesco complains that none of the documents that Plaintiffs have produced indicate what repairs were due to "code upgrades." In other words, the documents do not show the specific costs for "code upgrades." Wesco points to a letter relied upon by Plaintiffs which states that: "It is our recommendation that the system be fully evaluated by hydraulic calculations and brought up to current code."

Wesco argues that because Plaintiff have failed to produce the results for hydraulic testing or calculations, or reports that reflect what it would take to bring any system up to code, Plaintiffs have failed to meet their burden of proving any damages for increased cost of construction as a result of compliance with building and/or other codes.

The policy provides coverage (Coverage C) for an increased cost of construction in the amount of $50,000,[2] and additional coverage for building and personal property in the amount of $10,000 or 5% of the Limit of Insurance applicable to that building whichever is less.[3] The policy provides that Wesco will not pay for such costs until the property is actually repaired or replaced.[4]

POH provides the inspection report of Ducote Air Heat & Electric ("Ducote Report")[5] which it alleges provided an estimate of the cost of the required code upgrades observed by Ducote's master electrician Rodney Ducote.[6] Plaintiffs also provide a letter from plumbing inspector Butch Dowies from the City of Lake Charles which stated that "We discovered many items that do not meet code for the current standard.  We also found many sprinkler heads that needed to be replaced, piping that needed to be replaced and issues with the main riser."[7]

POH notes that it has produced evidence that at least $1,530 in increased construction costs were due to necessary code upgrades, and that the inspector as well as the deposition testimony of Mr. Ducote indicated that it is likely that other code upgrades to the wiring system would be required; however, Mr. Ducote could not observe all wiring at the time of his inspection because many walls had not been opened on the date of the

---

[2] Defendant's exhibit 1, WESCO_000075-78 and 80.
[3] Id.
[4] Id.
[5] Plaintiffs' exhibit A, pp. 35, 37, 42.
[6] Id. pp. 35, 37-38.
[7] Plaintiffs' exhibit D.

inspection.[8] POH agrees that the policy provides $60,000 in coverage for increased costs of construction due to "code upgrades."

The Court will defer to the merits at the trial the cost of the upgrades and allow Plaintiffs to present evidence to prove said costs.

## CONCLUSION

The Court will defer to the merits the cost of upgrades and will grant Wesco's motion for partial summary judgment in part and deny it in part. The motion is granted to the extent that the policy limits Plaintiffs' claims for "code upgrades" to $60,0000; otherwise, the motion will be denied.

**THUS DONE AND SIGNED** in Chambers on this 20th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[8] Plaintiffs exhibit C, Ducote deposition, pp. 48-49.