UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PATS OF HENDERSON SEAFOOD & STEAKS INC** | **CASE NO. 2:21-CV-00470** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WESCO INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Wesco Insurance Company's Motion for Partial Summary Judgment Regarding Application of Named Storm Deductible" (Doc. 54). Wesco moves for an order finding that (1) the deductible applicable to Plaintiffs' claims is $81,821, as provided in the Named Storm Percentage Deductible Endorsement ("NSD"), and (2) that a separate Named Percentage Deductible (of 5% of the Building Limit) applies to Plaintiffs' claimed losses to the Building and Personal Property for each storm—Laura, Beta, and Delta.

## FACTUAL STATEMENT

After being hit by three named storms, Hurricanes Laura and Delta, and Tropical Storm Beta, Plaintiff Pats of Henderson Seafood & Steaks, Inc. ("POH") submitted claims for property loss to its insurer, Wesco. POH alleges in its Complaint for Damages and Statutory Penalties that Wesco failed to fairly and promptly adjust its claims.

The commercial Property Coverage Declarations in the policy provides that the Limit of Insurance for the Building is $1,636,420.[1] The Building and Personal Property Coverage Form in the Policy contains the following Deductible provision:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\*\*\*

**D. Deductible**

In any one occurrence of loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss and will pay the resulting amount or the Limit of Insurance, whichever is less.

When the occurrence involves loss to more than one item of Covered Property and separate Limits of Insurance apply, the losses will not be combined in determining application of the Deductible. But the Deductible will be applied only once per occurrence.[2]

The policy further provides that "Under the terms of this endorsement, a Named Storm is a storm system that has been declared to be a Named Storm by the National Hurricane Center of the National Weather Service. . . ."[3]

The 5% Named Storm Percentage Deductible equals $81,821.[4] Hurricane Laura is a Named Storm, Tropical Storm Beta is a Named Storm, and Hurricane Delta is a Named Storm.

---

[1] Defendant's exhibit 1, WESCO_000022.
[2] Id. WESCO_000161.
[3] Id. WESCO_000208.
[4] Id. WESCO_000208-209 and 22.

## **LAW AND ANALYSIS**

Plaintiffs are making claims arising out of three separate occurrences—Hurricanes Laura and Delta and Tropical Storm Beta. Wesco maintains that should the Court find that Plaintiffs' property sustained damages as a result of each Named Storm, a separate deductible should be applied to each occurrence or Storm. Wesco informs the Court that all of Plaintiffs' estimates reflect a $2,500 deductible as opposed to the 5% Hurricane deductible stated in the policy.

Plaintiffs argue that the amount of the deductible should be made by the jury. Plaintiffs suggest the application of a deductible is only made in the calculation of amounts owed by the insurer.

Plaintiffs further argue that Wesco's summary judgment evidence does not satisfy the policy's definition of "Named Storm." Plaintiffs complain that the three "National Hurricane Center Tropical Cyclone reports[s]" were published by the National Weather Services, nor do they state that the maximum sustained surface winds were 39 miles per hour or more. Specifically, Plaintiffs argue that the documents offered by Wesco are from the National Hurricane Center, not the National Weather Service, as required by the policy. Thus, Plaintiffs posit that Wesco has failed to submit summary judgment evidence to satisfy its burden that Hurricanes Laura and Delta, and Tropical Storm Beta meet the definition of a Named Storm.

Notably the policy contains a Named Storm Percentage Endorsement which provides for a NSD of 5% **of the Limit of Insurance applicable to the damaged property.** The policy provides how to calculate that deductible as follows:

**B. Calculation of the Deductible—Specific Insurance Other Than Builders' Risk**

**1. Property Not Subject to Value reporting Forms**

In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to 1%, 2% or 5% (as shown in the Schedule) of the Limit(s) of Insurance applicable to the property that has sustained loss or damage.[5]

The Court finds that the policy clearly provides how to calculate the NSD deductible. The NSD applies to the Building and Personal Property if both sustain damage.[6] The Limit of Insurance for the Building is $1,636,420.[7] 5% of $1,636,420 is $81,821. The policy provides that the applicable deductible applies only once per occurrence; hence, there is an $81,821 deductible for each Named Storm should Plaintiffs prove that they sustained damage as a result of each named Storm.[8]

Wesco notes that the reports that it submitted bear the logo of the National Weather Service.[9] Each report indicates that Hurricanes Laura and Delta, and Tropical Storm Beta had recorded winds in excess of 39 miles per hour.[10] To buttress its position, Wesco requests that the Court take judicial notice of the National Weather Service site as to each of the Named Storms which reported that Hurricane Laura had sustained winds of 150 mph upon landfall; Tropical Storm Beta reached is maximum intensity of 65 mph; and

---

[5] Defendant's exhibit 1, WESCO_000211.
[6] Id. at 000208.
[7] Is. at 000161.
[8] Plaintiffs allege that they sustained damage as a result of Hurricane Laura on August 27, 2020, Tropical Storm Beta on September 21, 2020 and Hurricane Delta on October 9, 2020. Complaint, ¶ 9, Doc. 1.
[9] Defendant's exhibits 2, 3, and 4.
[10] Hurricane Laura – 85 knots which translates to approximately 97.8 mph records at the Lake Charles Regional Airport. Defendant's exhibit 2, p. 5.
  Hurricane Delta – 52-70 knots which translates to approximately 62.14 miles per hour. Defendant's exhibit 4, pp.4-5.
  Tropical Storm Beta--40-60 knots which translates to 46-69 miles per hour. Defendant's exhibit 3, p. 4.

Hurricane Delta reached category 4 intensity with sustained winds of 140 mph.[11] The Court agrees and takes judicial notice of the reports of the National Weather Service. The three Named Storms clearly meet the policy's definition of a Named Storm.

## CONCLUSION

The Court finds that the policy expressly provides that a 5% deductible calculated to be $81,821, applies to each of the Named Storms should Plaintiffs meet their burden of proving they sustained damage as a result of each of the Named Storms. The Court further finds that there is no genuine issue of material fact for trial concerning whether or not Hurricanes Laura and Delta, and Tropical Storm Beta meet the policy definition of a Named Storm. Accordingly, the Court will grant Wesco's Motion for Partial Summary Judgment in its entirety.

**THUS DONE AND SIGNED** in Chambers on this 20th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[11] https://www.weather.gov/mob/tropical_definitions; https://www.weather.gov/lch/2020Laura; https://www.weather.gov/lch/2020Beta; https://www.weather.gov/lch/2020Delta.