# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **PATS OF HENDERSON SEAFOOD & STEAKS INC** | **CASE NO.  2:21-CV-00470** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WESCO INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Wesco Insurance Company's Motion for Partial Summary Judgment Regarding Like Kind and Quality" (Doc. 55) wherein Wesco moves the Court to issue an order which states that the policy provides coverage only for items of like kind and quality and does not provide coverage for items that would be considered betterments or upgrades where it would cost more to replace with the betterments or upgrades.

## FACTUAL STATEMENT

After being hit by three named storms, Hurricanes Laura and Delta, and Tropical Storm Beta, Plaintiff Pats of Henderson Seafood & Steaks, Inc. ("POH") submitted claims for property loss to its insurer, Wesco. POH alleges in its Complaint for Damages and Statutory Penalties that Wesco failed to fairly and promptly adjust its claims.

The Commercial Property Coverage Declarations in the Policy provides that the Valuation for the Building and Personal Property is Replacement Costs.[1] The Policy

---

[1]

contains an Optional coverage, Replacement Cost provision, which provides in pertinent part as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

\*\*\*

**G. Optional Coverages**
If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item:

\*\*\*

**3. Replacement Cost**
**a.** Replacement cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.

\*\*\*

**d.** We will not pay on a replacement cost basis for any loss or damage:
**(1)** Until the lost or damaged property is actually repaired or replaced; And
**(2)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

\*\*\*

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1), (2)** or **(3),** subject to **f.** below:

**(1)** The Limit of Insurance applicable to the lost or damaged property;

**(2)** The cost to replace the lost or damaged property with other property of like kind and quality; or

**(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

\*\*\*

**f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.[2]

---

[2] Defendant's exhibit 1, WESCO_000165-67 and 82.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Wesco complains that Plaintiffs are making betterments and/or upgrades which is not permitted pursuant to the policy. Specifically, Wesco informs the Court that (1) Plaintiffs replaced windows in the Building with French doors,[3] (2) the initial quote regarding replacement of kitchen equipment that was submitted by Plaintiffs from Southwest Bar Needs is $565,997,[4] and (3) Plaintiffs' most recent quote to replace kitchen equipment from C&T Design is for $850,643.73.[5]

Plaintiffs assert that the replacement of windows with French doors did not increase the cost because the brick veneer was being replaced and furthermore, the doors had to be installed because windows could not be obtained for months due to supply shortages. Plaintiffs inform the Court that they are not seeking payment for betterments. Plaintiffs also note that the increase in kitchen equipment is due to price changes, and to the extent that additional pieces of equipment are included, they are not seeking payment for said equipment from Wesco.

The Court finds that it is premature to rule on Wesco's motion and will defer ruling to the merits of the case.

---

[3] Defendant's exhibits 2 and 3.
[4] Defendant's exhibit 4.
[5] Defendant's exhibit 5.

## **CONCLUSION**

The Motion for Partial Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of October, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE